FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 13, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:22-CR-00152-MKD |
| Plaintiff, | ORDER GRANTING MOTION TO MODIFY CONDITIONS OF DETENTION/PRETRIAL RELEASE |
| vs. | |
| ROBERT JAMES BARBEE, | **ECF No. 68** |
| Defendant. | **\*\*\*USM ACTION REQUIRED\*\*\*** |

Before the Court is Defendant Robert James Barbee's Motion to Modify Conditions of Detention/Pretrial Release, ECF No. 68. Defendant moves for modification of its detention order, ECF No. 64, to allow his to remain at The Progress House.

On October 5, 2022, the Hon. James A. Goeke ordered Defendant detained pending trial. ECF No. 14. On March 1, 2023, Defendant entered a guilty plea to Count 1 of the Indictment filed October 18, 2022. ECF No. 32. On March 31, 2023, the Court granted Defendant's motion for furlough from detention to permit

ORDER - 1

him to participate in in-patient treatment.  ECF No. 35.  On June 16, 2023, the Court granted Defendant's motion to modify pretrial release conditions, imposing Standard and Special Conditions of Release.  ECF Nos. 46, 47.  On August 8, 2023, the Court revoked the conditions of release, upon Defendant's admission to violations of the conditions of pretrial supervision.  ECF No. 64.  On August 16, 2023, the Court ordered Defendant be released to inpatient treatment.  ECF No. 67.

Defendant represents that he is pending successful completion of inpatient treatment and has arranged for transitional housing at The Progress House in Yakima Washington.  Defendant proposes to remain at The Progress House and to continue with intensive outpatient care at Comprehensive, and agrees to abide by conditions of pretrial release pending sentencing on October 24, 2023.  Defendant represents that the United States Probation office has some long-term reservations, but does not object to placement at The Progress House at this time.

The Court has reviewed the record and the motion, and considering the factors of 18 U.S.C. § 3142, finds release pending sentencing appropriate in this case.

Accordingly, **IT IS HEREBY ORDERED:**

1.      Defendant Robert James Barbee's Motion to Modify Conditions of Detention/Pretrial Release, **ECF No. 68,** is **GRANTED.**

2.      Defendant shall be released on the following conditions of release:

ORDER - 2

## STANDARD CONDITIONS OF RELEASE

1.      Defendant shall not commit any offense in violation of federal, state, or local, or tribal law.  Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement.  Defendant shall not work for the United States government or any federal or state law enforcement agency, including tribal agencies, without approval from Pretrial Services and a judicial officer.  Defendant shall comply with all conditions of supervision imposed by other courts.

2.      Defendant shall reside at an address approved by Pretrial Services and advise the Court, defense counsel and the U.S. Attorney in writing at least twenty-four hours before making any change in address or phone number.

3.      Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

4.      Defendant shall sign and complete A.O. Form 199C before being released and shall reside at the address furnished.

5.      Defendant shall not possess a firearm, destructive device, or other dangerous weapon.  There shall be no firearms in the home where Defendant resides.

ORDER - 3

6.    Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

7.    Defendant shall contact defense counsel at least once a week.

8.    Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

9.    Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

10.    Defendant shall surrender any passport and enhanced driver's license to Pretrial Services and shall not apply for replacements and any travel documents and/or passport for any country.

ORDER - 4

# SPECIAL CONDITIONS OF RELEASE

11.    Defendant shall remain in the Eastern District of Washington while the case is pending.  Defendant may be permitted to travel outside this geographical area with advance notice and approval from U.S. Probation.

12.    Defendant shall have no contact whatsoever, direct or indirect, with any persons Defendant knows or reasonably should know are or may become a victim or potential witness in the subject investigation or prosecution.  Prohibited forms of contact include, but are not limited to, telephone, mail, email, text, video, social media, and/or any contact through any third person or parties. Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers.

13.    Refrain from any use of alcohol.

14.    **Substance Abuse and Evaluation:** Defendant shall participate in a substance abuse evaluation at the discretion of Pretrial Services if such a substance abuse evaluation is determined to complement any concurrent similar state-ordered programs in which Defendant is currently engaged.   Pretrial Services shall determine the evaluators and the schedules.

Defendant shall complete treatment indicated by an evaluation or recommended by Pretrial Services and shall comply with all rules of a treatment program.  Defendant shall be responsible for the cost of testing, evaluation and

ORDER - 5

treatment, unless the United States Probation Office should determine otherwise. The United States Probation Office shall also determine the time and place of testing and evaluation and the scope of treatment.

Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment and performance in the program. It shall be the responsibility of defense counsel to provide such waivers.

Following any evaluation or treatment ordered here, Defendant shall complete any recommended aftercare program, including outpatient treatment and any recommended counseling.

**If Defendant terminates any treatment program before it is completed, the treatment provider and Defendant shall immediately notify the U.S. Probation Officer.**

15.    **Prohibited Substance Testing:  If random urinalysis testing is not done through a treatment program, random urinalysis testing shall be conducted through Pretrial Services, and shall not exceed six (6) times per month.**  Defendant shall submit to any method of testing required by the Pretrial Service Office for determining whether the Defendant is using a prohibited

ORDER - 6

substance.  Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

16.    Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of prohibited substance testing.

17.    Defendant shall notify United States Probation/Pretrial Services Office within 24 hours of any change in address, telephone number, or employment.

18.    Defendant shall reside at The Progress House until his sentencing hearing on October 24, 2023, or until further order from the Court.  Defendant shall comply with all of The Progress House's rules and policies.

19.    Defendant shall continue with intensive outpatient mental health treatment at Comprehensive Healthcare.

20.    If Defendant ceases to reside at The Progress House or it terminated from outpatient treatment, The Progress House and/or the treatment facility personnel shall immediately notify the United States Probation Officer, who shall in turn immediately notify the Court.

ORDER - 7

1    **IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order

2  and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals

3  Service.

4    **DATED** October 13, 2023.

5                                    *s/Mary K. Dimke*
                                      MARY K. DIMKE
6                          UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20